UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No.: 24-CR-10364 |
| v. | ) | |
| | ) | |
| TANIA FERNANDES ANDERSON, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## **PROTECTIVE ORDER**

1.     Pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116.5, the government submits and the defendant does not at this time contest, that good cause exists for the following protective order in regard to certain discovery in this case.

2.     The government is allowed to produce those records containing personal identifying information ("PII") as described in Fed. R. Crim. P. 49.1, including addresses, dates of birth, social security numbers, and bank account numbers, to defense counsel in an unredacted form (the "CONFIDENTIAL Materials").  No party may disclose any of the CONFIDENTIAL Materials, in any court filings, without first redacting all PII. CONFIDENTIAL Materials as defined herein includes both the records containing PII and the information contained within those records.

3.     Defense counsel may not disclose CONFIDENTIAL Materials to anyone other than their office staff (paralegals, administrative assistants, and law clerks) and experts that they have retained, and the defendant.  Defense counsel must ensure that their office staff and experts do not disclose the CONFIDENTIAL Materials to anyone else.  Before being shown or provided the CONFIDENTIAL Materials, the defendant must be informed of, and agree in writing by signing Exhibit A to the Protective Order to be bound by the requirements of the

Protective Order.  Defense counsel must maintain a copy of the signed Exhibit A for the defendant in their case file for this matter.  Defense counsel and the defendant shall access and use the CONFIDENTIAL Materials for the sole purpose of preparing for trial or any related proceedings in this case.  The defendant is not allowed to disseminate or further disclose any CONFIDENTIAL Materials for any purpose or at any time.

4.    Defense counsel may review the CONFIDENTIAL Materials with a witness or potential witness in this case.  Before being shown any portion of CONFIDENTIAL Materials, any witness or potential witness must be informed of, and agree in writing by signing Exhibit A to the Protective Order to be bound by the requirements of the Protective Order.  No witness or potential witness may retain CONFIDENTIAL Materials, or any copy thereof, after his or her review of those materials with the defense team is complete.  Defense counsel must maintain a copy of the signed Exhibit A in their case file for any witnesses who review CONFIDENTIAL Materials.

5.    Upon the final disposition of this case, any CONFIDENTIAL Materials shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.

SO ORDERED.


Date: January __, 2025                    _____
                                          HONORABLE DONALD L. CABELL
                                          CHIEF U.S. MAGISTRATE JUDGE

## AGREEMENT TO BE BOUND BY ORDER

 I hereby acknowledge that I have read the contents of the above protective order entered in *United States v. Tania Fernandes-Anderson*, No. 24-CR-10364, and have had the terms explained to me.  I agree that the order applies to me, that I am bound by its terms, and that I shall comply with its terms.

_____
PRINTED NAME

_____
SIGNED NAME

_____
DATE